Maylon T. Rice, Director Boston Mountain Solid Waste District
11398 Bond Rd. Prairie Grove, Arkansas 72753-9345
Dear Mr. Rice:
You have requested my review of an "interlocal agreement" entered between two solid waste management districts — the Benton County Solid Waste Management District and the Boston Mountain Solid Waste Management District. The agreement cites A.C.A. § 8-6-709, A.C.A. § 25-20-101 et seq., andAct 209 of 2011 as authority for the agreement.
RESPONSE
In my opinion, the agreement you have submitted is not governed by A.C.A. § 25-20-101 et seq., and my approval is not required or called for.
Sections 25-20-101 — 108 (Repl. 2002 and Supp. 2009) comprise the "Interlocal Cooperation Act."[1] The Interlocal Cooperation Act requires my approval of agreements entered pursuant to that act.[2] The act authorizes particular "forms of governmental organization" in pursuit of "joint or cooperative undertaking[s]."[3] *Page 2 
Its requirements include a budget and a separate legal entity, or an administrator or joint board, to conduct or administer the undertaking.[4]
The agreement submitted for my review was entered in accordance with 209 of 2011, which clarifies the authority of regional solid waste management boards to levy certain fees and charges to support their programs.[5] The act amends A.C.A. § 8-6-714, part of a law regarding regional solid waste management and planning, to authorize boards to "fix, charge, and collect rents, fees, and charges of no more than two dollars ($2.00) per ton of solid waste related to the movement or disposal of solid waste within the district. . . ."[6] The act further specifies certain conditions and circumstances under which fees may be assessed, and then states:
 (A) Districts shall determine by interlocal agreement how the districts shall:
 (i) Assess and administer the fee; and
 (ii) Divide the fees.
 (B) If districts cannot reach an interlocal agreement regarding the division of the fees, then the fees shall be divided equally between the districts.[7]
It is my opinion that these general references to an "interlocal agreement" in Act 209 do not incorporate the provisions of the Interlocal Cooperation Act. As explained above, the Interlocal Cooperation Act contemplates undertaking joint action through a particular governmental structure, including a budget for the undertaking and a specific administrative entity. While Act 209 does require districts to agree on how the fee will be assessed and administered, there is no *Page 3 
suggestion that this entails an "interlocal cooperation agreement" governed by the Interlocal Cooperation Act.[8]
Additionally, the absence of any reference to the Interlocal Cooperation Act in Act 209 stands in stark contrast to other legislation that clearly invokes the Interlocal Cooperation Act in connection with other various intergovernmental agreements.[9] Had the legislature intended to apply the Interlocal Cooperation Act to an "interlocal agreement" entered under Act 209, it could easily have done so in like manner.
In sum, it is my conclusion that the agreement you have submitted for my review is not governed by the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., and that consequently my approval is neither required nor called for.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/EAW:cyh
[1] See A.C.A. § 25-20-101 (Repl. 2002) (title of chapter).
[2] A.C.A. § 25-20-104(f)(1) (Supp. 2009) ("Every agreement made under this section prior to and as a condition precedent to its entry into force shall be submitted to the Attorney General, who shall determine whether the agreement is in proper form and compatible with the laws of this state.")
[3] A.C.A. §§ 25-20-102 (Repl. 2002) and-104(c) and (d) (Supp. 2009).
[4] Id.
[5] See Acts 2001, No. 209, § 1.
[6]Id. at § 2 (to be codified at A.C.A. § 8-6-714(a)(1)(A)).
[7] Id. (to be codified at A.C.A. § 8-6-714(c)(3)).
[8] Cf. Op. Att'y Gen. Nos. 97-413 and 92-256 (concluding that reference to an "interlocal agreement" in A.C.A. § 26-74-214)b)(2), regarding distribution of sales and use tax revenues, does not incorporate Interlocal Cooperation Act's provisions).
[9] E.g., A.C.A. §§ 12-16-201 (regarding formation of multijurisdictional controlled substance laws enforcement groups);12-41-804 (financing, acquisition, construction and operation of regional detention facilities); 13-5-503 (forming joint or regional museums) (all specifically invoking provisions of the Interlocal Cooperation Act). See also A.C.A. § 15-5-207(b)(20)((E) (requiring Attorney General's review and approval of intergovernmental agreements involving the Arkansas Development Finance Authority) and § 20-48-304 (same regarding cooperative agreements entered by the Board of Developmental Disabilities Services).